# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATSY A. MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:17CV306 HEA |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
|     Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 6]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Motion to dismiss is granted.

## Facts and Background

On January 30, 2017, Defendant removed this matter from the Circuit Court of St. Louis County, Missouri based on the Court's federal question jurisdiction in that Plaintiff's Petition purports to be brought pursuant to 18 U.S.C. §§ 101-2071. Further, Defendant also recognizes that since Plaintiff's Petition appears to seek "validation of debt," it may raise a question pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et seq*.

Plaintiff's Petition is entitled "Petition for Verification of Debt." In the Petition, Plaintiff demands that Defendant prove that it "has standing to bring forth

remedies entitle[d] to Defendant" and requests that Defendant produce several items as "proof of claim…under Habeas Corpus." In particular, Plaintiff requests that Defendant provide: (1) The original wet ink signature promissory note signed by Defendant in association to the loan pursuant to use title 18, Part 1 Chapter 101-2071; (2) Proof that Defendant is in fact the note holder in due course and has standing as a party of interest in this promissory note as Plaintiff has reason to believe Defendant has sold the note under 'mortgage backed securities instrument' to investors under a pooling of interest; and (3) Defendant to stipulate via affidavit that it is in fact a creditor in accounting debts of the loss as a result of the issuance of a loan to Plaintiff according to generally accepted accounting principles (GAAP).

Plaintiff concludes that if Defendant cannot produce proof of claim, it has no standing in any future controversy. Plaintiff prays that the Court order Defendant to release all claims against Plaintiff and grant "rightful remedies due to plaintiff." Defendant moves to dismiss for failure to state a claim for relief.

## Motion to Dismiss Standard

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Fed.R.Civ.P. 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and

to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.,* 599 F.3d 856, 861 (8th Cir.2010) (quoting *Iqbal,* 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir.2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir.2010).

## Discussion

Plaintiff asks that Defendant prove that it has standing to seek unidentified remedies. "[F]ederal courts are courts of limited jurisdiction." *Dakota, Minnesota & E.R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013) (citations omitted). The party invoking federal jurisdiction has the burden of establishing that it exists. *Id.*; *see also Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013); *Bowe v.*

*Nw. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 458 (8th Cir. 1985) (citation omitted).

The "irreducible constitutional minimum" of standing has three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

To establish injury in fact, a plaintiff must show he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted)). *Spokeo* presented the question "[w]hether Congress may confer Article III standing upon a

plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Hamner v. Sam's East, Inc.,* 754 F.3d 492, 497 (8th Cir. 2014) (*citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "A central component of the "case or controversy" requirement is standing, 'which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Id.* (*quoting Lance v. Coffman*, 549 U.S. 437, 439 (2007)).

Here, Plaintiff requests Defendant in this action prove that it has standing to do some undefined thing by requesting that Defendant provide "proof of claim…under Habeas Corpus" in the form of producing Plaintiff's original Note, proof that Defendant holds the Note, and providing an affidavit alleging that Defendant has suffered a loss as a result of issuing a loan to Plaintiff. The relief Plaintiff seeks is contingent on Defendant not being able to produce "proof of claim." Plaintiff has not presented a "case or controversy" as Plaintiff has failed to allege any injury in fact, causation, or redressability; Plaintiff has alleged no injury at all in her Petition. Alleging that a defendant must prove standing when

Defendant has no claims in this case is improper, and Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff next alleges that Defendant must provide "proof of claim…under Habeas Corpus" by producing the original Note, proof that it holds the Note, and a stipulation by affidavit that it is a creditor that has suffered a loss as a result of issuance of a loan to Plaintiff. Plaintiff cites to 18 U.S.C. 101-2071 in support of her request that Defendant produce the "original wet ink signature." Title 18 of the U.S. Code relates to "Crimes and Criminal Procedure." Plaintiff seems to be asserting the "show me the note theory," which has been uniformly rejected by courts throughout the country. *See Hobson v. Wells Fargo Home Mortg.*, 2011 U.S. Dist. LEXIS 94799 (E.D.Mo. 2011); *Barnes v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 44446 (W.D.Mo. 2013); *Lackey v. Wells Fargo Bank, N.A.*, 2014 U.S. App. LEXIS 6232 (8th Cir. 2014). This theory argues that the holder of legal title to a mortgage cannot foreclosure if he is unable to produce the underlying promissory note. *Murphy v. Aurora Loan Servs., LLC,* 669 F.3d 1027, 1030 (8th Cir. 2012). This theory has been consistently rejected by the United States District Courts in Missouri pursuant to interpretation of Missouri law.

"Non-judicial foreclosures are generally governed by the terms of the deed of trust" and as Plaintiff has failed to provide this Court with a copy of her Deed of

Trust, it cannot be determined whether its terms require the note holder to show the original note to Plaintiff at any time prior to a foreclosure. *Lackey*, *supra*. Plaintiff has not alleged that there is a pending foreclosure. Plaintiff has not alleged that her Deed of Trust requires that the original Note be produced prior to any foreclosure. Plaintiff's Petition fails to state a cause of action upon which relief may be granted.

To the extent that Plaintiff's Petition is filed pursuant to the Federal Debt Collection Practices Act ("FDCPA") at 15 U.S.C. §1601, *et seq.*, Plaintiff has still failed to state a claim upon which relief may be granted.

To establish a violation of the FDCPA, a plaintiff must demonstrate that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Coleman v. Berman & Rabin, P.A.*, 2015 U.S. Dist. LEXIS 97397, *5, (E.D. Mo. July 27, 2015) *(citing Pace v. Portfolio Recovery Assocs., LLC*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012) aff'd, 512 F. App'x 643 (8th Cir. 2013))*. Plaintiff's Petition fails to meet all three of the essential elements for a claim under the FDCPA. Plaintiff does not allege that she has been the object of collection activity, or that the collection activity arises from a consumer debt. Plaintiff has not alleged that Defendant is a debt collector. Plaintiff has not alleged that Defendant engaged in any activity prohibited under

the FDCPA, or failed to perform a requirement set forth pursuant to the FDCPA. Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

Based upon the foregoing analysis, Defendant's Motion to Dismiss is well taken. Plaintiff's Petition fails to set forth a viable cause of action. Plaintiff has failed to satisfy the *Twombly* and *Iqbal* standards, and therefore, her Petition must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Dismiss, [Doc. No. 6], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 2nd day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE